UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

OSCAR PILPEL, and all others similarly situated under 29 U.S.C. 216(B),

        Plaintiffs,

vs.

MATTRESS ONE, INC.,

        Defendant.

_____

## COMPLAINT

Plaintiff, Oscar Pilpel, on behalf of himself and all others similarly situated under 29 U.S.C. 216(B), through undersigned counsel, files this Complaint against Defendant, Mattress One, Inc., and alleges as follows:

1. This Court has subject matter jurisdiction in this matter as it involves claims under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. Plaintiff was a resident of Broward County, Florida at the time that this dispute arose.

3. The Defendant, Mattress One, Inc. is a corporation that regularly transacts business within Miami-Dade County. Upon information and belief, the Defendant Corporation was the FLSA employer for Plaintiff's employment ("the relevant time period").

4. All acts or omissions giving rise to this dispute took place in Miami-Dade County, Florida.

### COUNT I. FEDERAL OVERTIME VIOLATION

5. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(B). It is believed that the Defendant has employed several other similarly situated employees like the Plaintiff who have not been paid all wages owed for

work performed from the filing of this complaint back three years.

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

7. 29 U.S.C. § 207 (a) (1) states, " if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…."

8. Plaintiff, Oscar Pilpel, worked for Defendant as a salesman from on or about August 1, 2008, through on or about June 27, 2014.

9. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiffs' work for the Defendant affected interstate commerce for the relevant time period. Plaintiffs' work for the Defendant affected interstate commerce for the relevant time period because the goods and/or materials that Plaintiffs used and/or handled on a constant and/or continual basis and/or that were supplied to Plaintiffs by the Defendant to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiffs' use of the same. Plaintiffs' work for the Defendant was actually in and/or so closely related to the movement of commerce while he worked for the Defendant that the Fair Labor Standards Act applies to Plaintiffs' work for the Defendant.

10. Upon information and belief, the Defendant Corporation's gross sales or business done exceeded $500,000 annually for the years 2011, 2012, and 2013.

11. Upon information and belief, the Defendant Corporation's gross sales or business done exceeded $125,000 for the first and second quarters of the year 2014.

12. Furthermore, Defendant regularly employed two or more employees for the relevant time period who handled materials that travelled through interstate commerce, or used

instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

13. Plaintiff, Oscar Pilpel, worked for Defendant from on or about August 1, 2010 through on or about June 27, 2014. During said time period Plaintiff was paid at the average hourly rate of $9.00 and worked an average of 54 hours per week but was not paid at a time and a half rate for his overtime hours as required by law.  Plaintiff therefore claims the additional half time rate of his appropriate hourly wage for each overtime hour worked.

14. Defendant willfully and intentionally refused to pay Plaintiff overtime wages as required by the Fair Labor Standards Act as Defendant knew of the requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendant's payroll practices were in accordance with the Fair Labor Standards Act. Defendant remains owing Plaintiffs these wages since the commencement of Plaintiff's employment with Defendant for the time period specified above.

Wherefore, the Plaintiff requests his unpaid wages owed, an equal amount in liquidated damages, and reasonable attorney fees from Defendant pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all wages still owing from Plaintiff's entire employment period with Defendant or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances.

*The Plaintiff requests a trial by jury.*

## COUNT II. UNJUST ENRICHMENT

Plaintiff, through the undersigned, re-adopt the factual and jurisdictional statements in paragraphs 1-14 above and further state:

15. This Court has supplemental jurisdiction to hear this count pursuant to 28 U.S.C. §1367.

16. Up until the last 2 weeks of Plaintiff's employment, Plaintiff was employed by the Defendant as a salesman and was paid $5 per hour plus commissions on each mattress sold.

17. During the course of Plaintiff's employment with Defendant, Plaintiff did in fact perform work for the Defendant, thereby conferring a benefit on Defendant, who had knowledge thereof.

18. Defendant did voluntarily accept and retain said benefit.

19. On a weekly basis, Defendant would consistently and arbitrarily deduct money owed from Plaintiff's paycheck, altering or deleting commissions that were recorded by the Plaintiff for purposes of calculating his pay. As a result, these funds were wrongfully deprived from the Plaintiffs and Defendant was unjustly enriched as a result.

20. The circumstances are such that it would be inequitable for the Defendant to retain the benefit of Plaintiffs labor conferred upon him without paying the full value thereof to the Plaintiff.

21. Defendant has been unjustly enriched at the expense of Plaintiff.

22. Plaintiff is entitled to damages as a result of Defendant's unjust enrichment.

WHEREFORE, Plaintiff requests judgment against the Defendant, that all monies withheld from Plaintiff by Defendant be disgorged and awarded as damages in favor of Plaintiff, together with pre and post judgment interest and court costs as well as all other damages recoverable by law.

### COUNT III: RETALIATION UNDER 29 USC 215(A)(3)

23. Plaintiff, by and through undersigned counsel, re-adopts Paragraphs 1-22 above and further states the following.

24. On or about June 3, 2014, and again on or about June 22, 2014, the Plaintiff complained to the company in writing that he was not being paid his minimum wages and overtime as required by law.

25. On or about June 27, 2014, Plaintiff was terminated from his position in response to these written complaints.

26. The motivating factor in Defendant's decision to terminate the Plaintiff's employment was Plaintiff asserting claims in good faith for minimum wages and overtime.

27. The retaliatory discharge of the Plaintiff as discussed above is in direct violation of 29 U.S.C. 215 (A)(3) because the motivating factor was Plaintiff's demand for his legally mandated wages and, as a result, Plaintiff has been damaged.

Wherefore, the Plaintiff requests judgment against the Defendant, back wages, front wages, attorney's fees, costs and liquidated damages, emotional distress and humiliation and pain and suffering, as well as all other damages recoverable by law 29 U.S.C. 216(B). *Plaintiff requests a trial by Jury.*

Respectfully Submitted,

David Markel, Esq.
The Markel Law Firm
Attorney For Plaintiffs
3191 Grand Avenue #1531
Miami, Florida 33133
Tel: (305) 458-1282
Fax: 1-(800) 407-1718
Email: David.Markel@markel-law.com

By:__/s/ David Markel_____
    David Markel, Esq.
    Florida Bar Number: 78306